IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MARVIN SMITH,**

    **Plaintiff,**

v.                               Case No. 2:08-cv-1368

**STATE OF WEST VIRGINIA,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Plaintiff, acting pro se, filed the instant Complaint (docket # 1) on November 26, 2008, asking the court to release him on bond pending disposition on a new State prosecution. This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), and the Standing Order. Plaintiff has neither paid the filing fee nor applied to Proceed without Prepayment of Fees is pending before the court.

Plaintiff is currently incarcerated at the South Central Regional Jail. Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Section 1915A(b)(1), like section 1915(e)(2), requires judges to dismiss

claims based on indisputably meritless legal theory or claims whose factual contentions are clearly baseless, fanciful, fantastic or delusional.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  In reviewing factual allegations, a court need not accept irrational or wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them.  Id. at 303-33.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claims.  See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

This is a Federal civil rights complaint, in which Plaintiff alleges that his constitutional right not to be twice placed in jeopardy is being violated.  It appears to the court that Plaintiff's state parole has been revoked for, among other things, failing to register as a sex offender.  In addition, Plaintiff has been indicted by a grand jury sitting in Kanawha County, West Virginia, for failing to register as a sex offender.  State v. Smith, No. 08-F-531.  Plaintiff points out that he was indicted by a Federal grand jury for failing to register as a sex offender, but the charge was dismissed.  United States v. Smith, No. 2:07-cr-

00082 (S.D. W. Va. July 17, 2007). He seems to believe that the dismissal of the Federal charge should preclude his subsequent prosecution by State authorities. Plaintiff's Complaint has no merit.

Plaintiff's parole revocation proceedings are in State court, based on a State statute. His indictment by a State grand jury charges a violation of a State statute, W. Va. Code § 15-12-8(c). Plaintiff's previous Federal prosecution was based on a Federal statute. The federal charge was dismissed prior to trial; thus jeopardy did not attach. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted, and is legally frivolous.

It is respectfully **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (# 1) with prejudice, pursuant to the provisions of 28 U.S.C. § 1915(A).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this

Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

December 15, 2008
Date

Mary E. Stanley
United States Magistrate Judge