IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARVIN SMITH,

          Plaintiff,

v.                                       CIVIL ACTION NO.  2:08-cv-01368

STATE OF WEST VIRGINIA,

          Defendant.

**ORDER**

Pending before the court is the Complaint for Injunctive Relief filed by the *pro se* plaintiff, Marvin Smith on November 26, 2008 [Docket 1], in which he seeks release on bond pending disposition on a new State prosecution.  This matter was referred to United States Magistrate Judge Mary E. Stanley for the submission of proposed findings and a recommendation for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge submitted her PF&R on December 15, 2008 [Docket 3], and the plaintiff timely filed his objections on December 19, 2008 [Docket 4].

As a preliminary matter, although the plaintiff has not paid the filing fee or applied to proceed without prepayment of fees, the court should screen each case in which an incarcerated person seeks redress from a governmental entity, officer or employee pursuant to 28 U.S.C. § 1915A.

I will review the PF&R *de novo* in light of the plaintiff's objections, *see* 28 U.S.C. § 636(b)(1)(A), but I note that he simply objects to Judge Stanley's characterization of his Complaint

as frivolous and reiterates the arguments from his original Complaint, and I **FIND** that Judge Stanley's statement and application of the law in this case is correct.

28 U.S.C. § 1915A(b) provides that the court shall dismiss the complaint if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. A court may dismiss claims under the *in forma pauperis* statute that are based on a legal theory that is indisputably without merit or claims that are factually frivolous because they are clearly baseless, fanciful, fantastic, or delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The plaintiff has filed a federal civil rights complaint, and alleges that his constitutional right to be protected from double jeopardy is being violated. The plaintiff appears to be in state custody because his state parole has been revoked for, *inter alia*, failing to register as a sex offender, for which he has been indicted by a Kanawha County, West Virginia grand jury. *State v. Smith*, No. 08-F-531. The plaintiff seems to argue that because he was also indicted by a federal grand jury for failing to register as a sex offender, and that charge was dismissed, *see United States v. Smith*, No. 2:07-cr-00082 (S.D. W. Va. July 17, 2007), his state prosecution should be barred by double jeopardy principles. This argument has no merit because the dismissal of the federal charge prior to trial means that jeopardy did not attach with respect to those charges. *See, e.g., Serfass v. United States*, 420 U.S. 377, 391-92 (1975); *United States v. Holland*, 985 F. Supp. 587, 593 (D. Md. 1997).

Moreover, even if double jeopardy did apply in this case, the state prosecution of the plaintiff would not be barred because of the dual sovereignty exception to that doctrine. *See Heath v. Alabama*, 474 U.S. 82, 89 (1985); *Rinaldi v. United States*, 434 U.S. 22, 28 (1977). In the pending state matter, the plaintiff was indicted by a state grand jury and charged with violating a West

Virginia state statute, W. Va. Code § 15-12-8(c). His federal prosecution, on the other hand, was based on his violation of a federal statute for failing to register, 18 U.S.C. § 2250.

Although *pro se* complaints are held to less stringent standards than those drafted by attorneys, I **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted and is legally frivolous under 28 U.S.C. § 1915A(b). Accordingly, I **ADOPT** the PF&R [Docket 1] and **DISMISS** the Complaint [Docket 3].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      March 27, 2009

_____
Joseph R. Goodwin, Chief Judge